[Civ. No. 18663.   First Dist., Div. Two.   July 19, 1960.]

MARTIN J. MALONEY et al., Respondents, v. ELIZABETH
E. WHITE, Appellant.

Elizabeth E. White, in pro. per., for Appellant.

Currie, Lebsack & Hannig for Respondents.

SHOEMAKER, J.—Appellant Elizabeth White appeals
from a judgment rendered against her and others in an action

for ejectment and to quiet title brought by respondents Martin J. Maloney and his wife Anna. Said judgment granted respondents' prayer for ejectment, quieting title, delivery of possession and damages in the sums of $3,750 for unlawful detention of the property, $995.72 for unpaid taxes and $500 attorneys' fees.

Respondent Martin Maloney, by his testimony and certain documents, established to the satisfaction of the trial court that under the written contract of sale of the property executed between the parties on August 2, 1951, as of September 1955 appellant was seven monthly payments behind and that he had received no further payments up to the date of trial, May 29, 1958; and that, contrary to the requirements of the agreement, appellant had not paid the taxes on the property from 1953 to date; had given a deed of trust on the property and had permitted two attachments to be levied on the property. It was stipulated that the deed of trust and attachments were in effect at the date of trial.

The damages for the unlawful detention were computed on a reasonable rental value of $125 per month, a sum which appellant said was reasonable in her testimony.

Appellant's various contentions start with the complaint that respondents are not entitled to judgment because of their conduct under the agreement of sale and she asserts, that although the agreement provided that all payments thereunder be made at a certain branch of the Bank of America, respondents in breach of the contract and without her consent withdrew the account therefrom. Mr. Maloney denied this and stated that the bank had discontinued the account because appellant was not making payments.

Appellant, also, contends that despite her repeated demands, both oral and written, respondent refused to furnish her a statement of account, thereby preventing her from knowing where she stood with regard to her payments under the agreement and this, she maintains, excused her from making further payments. Appellant cites no authority in support of this novel position. On the other hand Mr. Maloney says that appellant never requested a statement, he never furnished one and further explained that the bank as each payment was made gave a receipt in a book provided for that purpose. We note, also, that in her testimony appellant stated she had both receipts and a record to prove payment up to and including January 1956 although the same were never produced.

■ The trial court also found that appellant had violated the agreement in making alterations without the prior consent of the respondent. Again, the parties disagreed as to the time when the changes took place and whether or not permission was given. The conflict was for the trial court and there being substantial evidence to support the finding we are bound thereby.

■ The trial court also found that appellant had failed to comply with a term of the agreement which provided that the buyer should not violate or permit the violation of any law which might cause the closing of the premises or any part thereof. The only evidence which appears in this regard is appellant's testimony to the effect that the county of San Mateo had filed an action against her to abate a nuisance in the form of a tree house which the county alleged had been built in violation of a zoning ordinance. Respondents conceded at the trial that the action was still pending. There was, therefore, insufficient evidence from which to conclude that appellant had either violated or permitted the violation of any law according to the aforementioned term of the agreement. However, irrespective of whether or not the court erred in this regard, its other findings support the judgment. In this situation we are governed by the rule that, " [i]f one or more of the findings supported by substantial evidence sustains the judgment, . . . questions relative to other findings are immaterial." (*Anderson* v. *Brady* (1957), 151 Cal.App. 2d 545, 556 [312 P.2d 37].)

Appellant's brief, filed in propria persona, contains numerous other arguments as to points not raised at the trial and grounded upon allegations as to facts of which the record is completely barren. Further discussion thereof would serve no useful purpose.

■ Appellant also complains of certain occurrences in connection with her removal from the property subsequent to trial which allegedly caused her physical pain, mental anguish and great expense. It is manifest, however, that any remedy which may be available to Mrs. White in connection with such matters does not lie within the jurisdiction of this court.

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.